IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSIE L. DUNMON,<br>    Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | : <br> : | |
| HENRY COUNTY JAIL and<br>SUPERIOR COURT,<br>    Respondents. | : <br> : <br> : | CIVIL ACTION NO.<br>1:18-CV-933-WSD-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the Henry County Jail in McDonough, Georgia. In March 2018, Petitioner, pro se, sent the Court a letter complaining about his criminal case pending in the Superior Court of Henry County. (Doc. 1.) The Court provided Petitioner a habeas corpus petition form and an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

Petitioner submitted the completed forms. (Docs. 3, 4.) Petitioner complained in his habeas petition that he was unlawfully confined because he had been denied bond, had not been charged or indicted, and had not had any other court proceedings. (Doc. 3 at 4-5.)

Because Petitioner's IFP application showed that he was not indigent and could pay the five-dollar filing fee for a habeas case, the Court denied him leave to proceed

IFP. (Doc. 5.) The Court directed Petitioner to submit the filing fee by April 19, 2018, and warned him that failure to do so may result in dismissal of this case. (*Id.*)

On April 4, 2018, Petitioner notified the Court that he was trying to have the filing fee deducted from his inmate financial account for submission to the Court. (Doc. 6.) Over a month has passed since that time, but the Court still has not received the filing fee. As the Court warned Petitioner, that is grounds for dismissal.

Moreover, Petitioner's request for habeas relief is now moot because he is no longer detained without bond, charges, or court proceedings. The Superior Court of Henry County's officials records show that on April 30, 2018, Petitioner pled guilty to several crimes and was sentenced to imprisonment. Henry Cty. Court Docket Search, https://hcwebb.boca.co.henry.ga.us/SuperiorCMWebSearch/ (case number SUCR2017000300). The constitutional "case-or-controversy requirement subsists through all stages of federal judicial proceedings" and requires that the petitioner "have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Court can no longer provide the relief Petitioner sought in his habeas petition because he is no longer a pretrial detainee and is now confined pursuant to a judgment of conviction.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** because Petitioner failed to comply with a lawful order of the Court and the case is now moot. *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

**SO RECOMMENDED** this 14 day of May, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE